**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**MICHAEL BARLOW,**

        **Plaintiff,**

        -v-                                            **18-CV-956V(Sr)**

**NATIONSTAR MORTGAGE, LLC,**
**BANK OF AMERICA, N.A.,**
**and FIRST FRANKLIN FINANCE**
**CORPORATION,**

        **Defendants.**
_____

### REPORT, RECOMMENDATION, AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions. Dkt. #18.

On October 14, 2016, plaintiff, Michael Barlow, commenced 16-CV-818 seeking to permanently enjoin the defendants, Nationstar Mortgage, LLC ("Nationstar"), and Bank of America, N.A. ("BANA"), from engaging in any foreclosure activity with respect to his property located at 6348 Ward Road, Sanborn, New York 14132. 16-CV-818 at Dkt. #1.

By Order entered January 30, 2017, Judge Vilardo adopted this Court's Report, Recommendation and Order (Dkt. #16-CV-818 at Dkt. #19), to grant defendants' motion

1

to dismiss plaintiff's complaint on the ground that plaintiff's complaint was an attack on the New York state court's foreclosure judgment, which was clearly barred by the *Rooker-Feldman* doctrine.[1] 16-CV-818 at Dkt. #20. Judgement was entered in favor of defendants on January 31, 2017. 16-CV-818 at Dkt. #21.

On August 31, 2018, plaintiff commenced this action seeking to permanently enjoin the defendants, Nationstar, BANA, and First Franklin Finance Corporation ("First Franklin"),[2] from engaging in any foreclosure activity with respect to his property located at 6348 Ward Road, Sanborn, New York 14132. Dkt. #1. The factual allegations in the current complaint are similar in all material respects to those set forth in the complaint in 16-CV-818. In addition to the causes of action for fraud, misrepresentation and violation of § 349 of New York's General Business Law, the current complaint also asserts causes of action for federal bank fraud and violation of §§ 1303, 1304 and 1320 of New York's Real Property Law. Plaintiff's prayer for relief is identical in both actions.

---

[1] The *Rooker-Feldman* doctrine precludes federal district courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine precludes federal district court review when four factors are met: (1) the federal court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites the district court to review and reject the state court judgment; and (4) the state court judgment was rendered before the district court proceedings were commenced. *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). Courts within the Second Circuit "have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine." *Niles v. Wilshire Inv. Grp., LLC*, 859 F. Supp. 2d 308, 334 (E.D.N.Y. 2012).

[2] First Finance allegedly originated the mortgage note which Bank of America serviced. Dkt. #1, ¶¶ 11-12.

Currently before the Court are motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim filed by Nationstar (Dkt. #2), and BANA and First Finance (Dkt. #11), as well as plaintiff's motion for a temporary restraining order and preliminary injunction.  Dkt. #21.

For the reasons set forth in Judge Vilardo's Order entered January 30, 2017 in 16-CV-818 at Dkt. #19, it is recommended that defendants' motions to dismiss (Dkt. #2 & 11), be granted and plaintiff's motion for a temporary restraining order and preliminary injunction (Dkt. #21), be denied.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation, and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b)(2) and Local Rule 72.  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72 of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection, and shall be supported by legal authority." **Failure to comply with the provisions of Local Rule 72 may result in the District Judge's refusal to consider the objection.**

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988). In accordance with the requirements set forth in Local Rule 72, "[a]ny party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge."

SO ORDERED.

DATED: Buffalo, New York
March 12, 2019

    *s/H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**