UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL BARLOW

      Plaintiff,

  v.

NATIONSTAR MORTGAGE LLC,

BANK OF AMERICA, N.A., and

FIRST FRANKLIN FINANCE CORPORATION

      Defendants.

18-CV-956

DECISION AND ORDER

---

On August 31, 2018, the pro se plaintiff, Michael Barlow, commenced this action alleging that the defendants are liable for fraud, misrepresentation, and other state law claims. Docket Item 1. On September 28, 2018, defendant Nationstar Mortgage LLC moved to dismiss, Docket Item 2; on October 5, 2018, the other two defendants—Bank of America, N.A. and First Franklin Finance Corporation—followed suit, Docket Item 11. On October 22, 2018, and October 30, 2018, Barlow responded to the defendants' motions, Docket Items 13, 14; on November 5, 2018, Nationstar Mortgage LLC replied, Docket Item 17; and on November 9, 2018, Bank of America, N.A., replied, Docket Item 19.

On November 8, 2018, this Court referred this case to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 18. On March 3, 2019, Barlow moved for a preliminary injunction and temporary restraining order. Docket Item 21. On March 12, 2019, Judge

Schroeder issued a Report and Recommendation finding that the defendants' motion to dismiss should be granted and that the plaintiff's motion for a temporary restraining order and preliminary injunction should be denied. Docket Item 22.

On March 25, 2019, the plaintiff objected to the R&R. Docket Item 23. On April 16, 2019, the defendants responded, Docket Items 25, 26; and on April 30, 2019, the plaintiff replied, Docket Item 27.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has reviewed the careful and thorough R&R, the record, the objection and response, and all submissions by the parties. Based on that de novo review, the Court accepts and adopts Judge Schroeder's recommendation to grant the defendants' motions to dismiss, Docket Items 2 and 11, and to deny the plaintiff's motion for a temporary restraining order and preliminary injunction, Docket Item 21. But this Court grants Barlow's request for leave to file an amended complaint.

Barlow objects to Judge Schroeder's recommendation because—he says—the complaint he filed in this proceeding differs from the 2017 complaint in that it includes another factual allegation that Bank of America committed fraud in connection with his mortgage. Docket Item 23 at 3. As Judge Schroeder explained, regardless of any minor differences in the factual allegations, the relief that Barlow seeks "is identical in both actions," Docket Item 22 at 2—enjoining the defendants "from engaging in any

foreclosure activity with respect to [his] [p]roperty," Docket Item 1 at 18.  Therefore, like Barlow's 2017 case, this case "is precisely an attack on the New York state court's foreclosure judgment."  *Barlow v. Nationstar Mortgage, Inc.*, 2017 WL 397329, at *2 (W.D.N.Y. Jan. 30, 2017).

Barlow asks this Court to permit him to amend the complaint to "include additional facts not included in the 2017 action" and—presumably—to limit his claims to the "allegation[s that have] not been litigated."  Docket Item 23 at 3.  The defendants argue that because Barlow has "filed the exact same complaint in the 2016 Action, and again in the instant action, it is clear that [he] does not possess any new information, and any amendment would be futile and a waste of judicial resources."  Docket Item 25 at 2.  But in his reply, Barlow insists that the new "factual allegations of forgery being presented" in his latest complaint were "discovered post 16-CV-818 case dismissal." Specifically, these claims involve:

> forgery relat[ing] to the loan modification from May 28, 2011, that increased the loan balance to $86,570.03.  The loan modification documents we[re] never signed by [Barlow.]

Docket Item 27 at 1.

Aspects of Barlow's reply continue to suggest that he is still seeking relief from the foreclosure judgment.  *See, e.g.*, *id.* ("The underlying foreclosure action taken by the defendant should not be allowed to commence since the validity of the overall mortgage debt remains in question.").  But given Barlow's pro se status, it is possible that he now is "not asking the federal courts to overturn the underlying state-court judgment," but instead is claiming "that he is entitled to money damages" for perhaps related but sufficiently separate conduct.  *See McCrobie v. Palisades Acquisition XVI, LLC*, 664 F. App'x 81, 83 (2d Cir. 2016).  In fact, Barlow does state that

3

> [t]he purpose of [his] forgery allegation is not a mere attempt to avoid Judgment of Foreclosure. The forged documents have led to increased payments and an escrow account that has increased significantly.

Docket Item 27 at 1. For that reason, and in an abundance of caution, leave to amend may be appropriate. See *McCrobie*, 664 F. App'x at 83.

"[T]he submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis removed) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). "Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000)). "A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Id.* (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). In light of all that, this Court will give Barlow the benefit of the doubt and permit him to amend.

Therefore, and for the reasons stated above and in the Report and Recommendation, the defendants' motions to dismiss, Docket Items 2, 11, are GRANTED; the plaintiff's motion for a temporary restraining order and preliminary injunction, Docket Item 21, is DENIED; and the complaint, Docket Item 1, will be dismissed unless Barlow files an amended complaint **within forty-five days of the date this order is filed**.[1] An amended complaint is intended to ***completely replace***

---

[1] The Court encourages Barlow to limit his claims to those issues "discovered post 16-CV-818 case dismissal." *See* Docket Item 27 at 1. If Barlow files an amended complaint, he may be required to demonstrate why he did not have a full and fair

4

the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978*); see also Shields v. Citytrust Bancorp*, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, any amended complaint stands alone as the only complaint that the defendants must answer in this action. If Barlow includes any requests for relief in an amended complaint that would require this Court to "overturn the underlying state-court [foreclosure] judgment," *see McCrobie*, 664 F. App'x at 83, such as requests to enjoin the defendants from "engaging in any foreclosure activity with respect to" his property, Docket Item 1 at 18, the amended complaint will be dismissed.

If Barlow does not file an amended complaint within forty-five days as noted above, this case will be dismissed without further order. If Barlow files an amended complaint, then without further order the case will be referred back to Judge Schroeder for proceedings consistent with the referral order of November 8, 2018, Docket Item 18.

SO ORDERED.


Dated:	September 16, 2019
	Buffalo, New York


	 */s Lawrence J. Vilardo*
	LAWRENCE J. VILARDO
	UNITED STATES DISTRICT JUDGE

---

opportunity to litigate his claims in the several other legal proceedings in state and federal court between himself and the defendants.

5