**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**MICHAEL BARLOW,**

         **Plaintiff,**

         -v-                                       **18-CV-956V(Sr)**

**NATIONSTAR MORTGAGE, LLC,**
**BANK OF AMERICA, N.A.,**
**and FIRST FRANKLIN FINANCE**
**CORPORATION,**

         **Defendants.**
_____

## REPORT, RECOMMENDATION, AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions. Dkt. #18.

On October 14, 2016, plaintiff, Michael Barlow, commenced 16-CV-818 seeking to permanently enjoin the defendants, Nationstar Mortgage, LLC ("Nationstar"), and Bank of America, N.A. ("BANA"), from engaging in any foreclosure activity with respect to his property located at 6348 Ward Road, Sanborn, New York 14132. 16-CV-818 at Dkt. #1.

By Order entered January 30, 2017, Judge Vilardo adopted this Court's Report, Recommendation and Order (Dkt. #16-CV-818 at Dkt. #19), to grant defendants' motion

1

to dismiss plaintiff's complaint on the ground that plaintiff's complaint was an attack on the New York state court's foreclosure judgment, which was clearly barred by the *Rooker-Feldman* doctrine.[1] 16-CV-818 at Dkt. #20. Judgement was entered in favor of defendants on January 31, 2017. 16-CV-818 at Dkt. #21.

On August 31, 2018, plaintiff commenced this action seeking to permanently enjoin the defendants, Nationstar, BANA, and First Franklin Finance Corporation ("First Franklin"),[2] from engaging in any foreclosure activity with respect to his property located at 6348 Ward Road, Sanborn, New York 14132. Dkt. #1. The factual allegations in that complaint were similar in all material respects to those set forth in the complaint in 16-CV-818. In addition to the causes of action for fraud, misrepresentation and violation of § 349 of New York's General Business Law, that complaint also asserted causes of action for federal bank fraud and violation of §§ 1303, 1304 and 1320 of New York's Real Property Law. Plaintiff's prayer for relief was identical in both actions.

---

[1] The *Rooker-Feldman* doctrine precludes federal district courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  The *Rooker-Feldman* doctrine precludes federal district court review when four factors are met:  (1) the federal court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites the district court to review and reject the state court judgment; and (4) the state court judgment was rendered before the district court proceedings were commenced.  *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).  Courts within the Second Circuit "have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine." *Niles v. Wilshire Inv. Grp., LLC*, 859 F. Supp. 2d 308, 334 (E.D.N.Y. 2012).

[2] First Finance allegedly originated the mortgage note which Bank of America serviced. Dkt. #1, ¶¶ 11-12.

For the reasons set forth in Judge Vilardo's Order entered January 30, 2017 in 16-CV-818 at Dkt. #20, this Court recommended that defendants' motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim (Dkt. #2 & Dkt. #11), be granted and plaintiff's motion for a temporary restraining order and preliminary injunction (Dkt. #21), be denied. By Decision and Order entered September 16, 2019, Judge Vilardo adopted the Report, Recommendation and Order, but granted plaintiff the opportunity to amend his complaint to assert independent claims based upon facts allegedly discovered subsequent to the prior action which suggested forgery relating to the May 28, 2011 loan modification. Dkt. #29, pp.3-4. Judge Vilardo specifically advised plaintiff that any request for relief in such an amended complaint which would require the Court to overturn the underlying state-court foreclosure judgment, such as a request to enjoin the defendants from engaging in any foreclosure activity with respect to plaintiff's property, would be dismissed. Dkt. #29, p.5.

Plaintiff's first amended complaint repeats the factual allegations of his original complaint with one additional paragraph:

> The Plaintiff never would have signed an agreement where the loan increased by $26,570., a nearly 50% increase in the loan balance. The principal and interest payment on this loan was on $510.70 per month, leaving little justification for a payment increase. Furthermore, the forged loan mod agreement calls for a "Schedule A", which Plaintiff has requested and Defendants have failed to provide.

Dkt. #30, ¶ 25. Plaintiff repeats this paragraph in his first cause of action for fraud, which otherwise contains the same allegations as the original fraud claim, including the allegation that plaintiff did not discover defendants' fraudulent actions until 2015 when

3

plaintiff consulted knowledgeable third parties and conducted an independent investigation. Dkt. #30, ¶ ¶ 31(f) & 34. Plaintiff's second cause of action for misrepresentation is also the same as the original misrepresentation claim except that plaintiff alleges that he did not discover defendants' fraudulent actions until 2018 [rather than 2015 in the original complaint] when Plaintiff consulted knowledgeable third parties and conducted an independent investigation. Dkt. #30, ¶ 38. Plaintiff also repeats paragraph 25 in his third cause of action for violation of § 349 of New York's General Business Law and changes the date of discovery of defendants' fraudulent actions to 2018 [rather than 2015 in the original complaint]. Dkt. #30, ¶ 25. Otherwise, the third cause of action is also the same as the original complaint. Dkt. #30, ¶ ¶ 40-43. A copy of the Loan Modification Agreement, which includes both the signature of Michael D. Barlow dated March 28, 2011 on the signature line of the document and the notarized signature of Michael D. Barlow dated May 31, 2011 just below the signature line, is attached to both the original complaint (Dkt. #1-2) and the first amended complaint. Dkt. #30, p.47. Plaintiff's prayer for relief is verbatim of his original complaint. Dkt. #30.

Setting aside the legal principle that a certificate of acknowledgment by a notary public gives rise to a presumption of due execution that can be rebutted only upon a showing of clear and convincing evidence to the contrary and cannot be overcome merely by the unsupported testimony of an interested witness such as plaintiff, *See, e.g., First Indemnity of Am. Ins. Co. v. Shinas*, No. 03 Civ. 6634, 2009 WL 3154282, at *6 (S.D.N.Y. Sept. 30, 2009) (collecting cases), in light of the procedural posture of this matter, plaintiff's first amended complaint still fails to request any relief that does not

4

require the Court to overturn the underlying state-court foreclosure judgment. Accordingly, for the reasons set forth in Judge Vilardo's Orders entered in this case on September 16, 2019 at Docket #29 and entered in 16-CV-818 on January 30, 2017 at Docket #19, this Court recommends that defendants' motions to dismiss the first amended complaint (Dkt. #31 & Dkt. #33), be granted.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation, and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b)(2) and Local Rule 72.  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order**.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72 of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection, and shall be supported by legal authority."  **Failure to comply with the provisions of Local Rule 72 may result in the District Judge's refusal to consider the objection**.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988). In accordance with the requirements set forth in Local Rule 72, "[a]ny party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge."

**SO ORDERED.**

DATED:   Buffalo, New York
         February 23, 2021

                                    *s/ H. Kenneth Schroeder, Jr.*
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**

6