UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL BARLOW,

      Plaintiff,

    v.                                                             18-CV-956-LJV-HKS
                                                                   DECISION & ORDER

NATIONSTAR MORTGAGE LLC,

BANK OF AMERICA, N.A., and

FIRST FRANKLIN FINANCE
CORPORATION,

      Defendants.

---

In October 2016, the *pro se* plaintiff, Michael Barlow, commenced an action

alleging that the defendants were liable for fraud, misrepresentation, and violating "New

York Code § 349 [sic]," and seeking to enjoin Nationstar Mortgage LLC ("Nationstar")

and Bank of America, N.A., ("Bank of America") from engaging in any foreclosure

activity against him.  *See* Case No. 16-CV-818, Docket Item 1.  On January 30, 2017,

this Court dismissed Barlow's complaint under the *Rooker-Feldman* doctrine.  *Barlow v.

Nationstar Mortgage, LLC*, 2017 WL 397329 (W.D.N.Y. Jan. 30, 2017).  The Court

found that Barlow asked to have a state court judgment "review[ed] and reject[ed],"

something this Court did not have the authority to do.  *See id.* at *2.

So on August 31, 2018, Barlow, commenced this action.  Docket Item 1.  Barlow

alleged the same violations as in the 2016 action, added a defendant as well as several

federal and state-law claims, and again asked this Court to enjoin the defendants "from

engaging in any foreclosure activity" against him.  Docket Item 1.  After the defendants

moved to dismiss the complaint, this Court referred the matter to United States

Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. §

636(b)(1)(A) and (B).  Docket Item 18.

On March 12, 2019, Judge Schroeder issued a Report, Recommendation, and

Order ("RR&O") finding that the defendants' motions to dismiss should be granted

because, as in his earlier action,  Barlow's claims were barred by the *Rooker-Feldman*

doctrine.  Docket Item 22.  On September 16, 2019, this Court adopted the RR&O but,

"in an abundance of caution," granted Barlow leave to amend the complaint.  Docket

Item 29 at 3-4.

On October 31, 2019, Barlow filed an amended complaint.  Docket Item 30.  A

week later, defendant Nationstar moved to dismiss the amended complaint, Docket Item

31; a week after that, the other two defendants—Bank of America and First Franklin

Finance Corporation ("Franklin")—did as well, Docket Item 33.  On December 20, 2019,

and January 2, 2020, Barlow responded, Docket Item 35; on January 17, 2020, Bank of

America and Franklin replied, Docket Item 38; on January 24, 2020, Nationstar replied,

Docket Item 39; and on March 11, 2020, Barlow sur-replied, Docket Items 40, 41.

On February 23, 2021, Judge Schroeder issued a second RR&O, finding that the

defendants' motions to dismiss should be granted because the "amended complaint still

fail[ed] to request any relief that [would] not require the Court to overturn the underlying

state-court foreclosure judgment."  Docket Item 42 at 4-5.  On March 8, 2021, Barlow

objected to the second RR&O.  Docket Item 43.  On March 29, 2021, Nationstar

responded, Docket Item 45; on March 30, 2021, Bank of America and Franklin

responded, Docket Item 46; and on April 15, 2021, Barlow replied, Docket Items 47, 48.

A district court may accept, reject, or modify the findings or recommendations of

a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must

review *de novo* those portions of a magistrate judge's recommendation to which a party

objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the second RR&O; the record

in this case; the objection, responses, and replies; and the materials submitted to Judge

Schroeder.  Based on that *de novo* review, the Court accepts and adopts Judge

Schroeder's recommendation to grant the defendants' motions to dismiss.

Barlow objects to Judge Schroeder's recommendation because, he argues, the

*Rooker-Feldman* doctrine does not apply to his case.  Docket Item 43 at 3-4.  More

specifically, Barlow argues that (1) he "did *not* lose on the issues adjudicated in state

court" and (2) "the current action does not complain of injuries caused by the state court

judgment."[1]  *Id.* at 4 (emphasis in original).  This Court disagrees.

---

[1] In his reply, Barlow insists that he is not asking this Court to overturn the state-court judgment but "simply requests the Court overturn the 2016 Federal action, which incorrectly applied in *Rooker-Feldman* doctrine."  Docket Item 48 at 2.  The Court construes this as a request for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.  Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Barlow says that his claims of "violation of New York Code § 349 [sic], fraud, and misrepresentation" were not adjudicated by the state court and so he did not lose on those claims. *Id.* at 3-4. But as both Judge Schroeder and this Court already have observed, "[Barlow] raised these very same arguments to [the state court] when opposing [the foreclosure, and the state court] rejected [Barlow's] claims as evidenced by the fact that [it] entered a Judgment of Foreclosure and Sale against [Barlow]." *See Barlow v. Nationstar Mortgage, LLC*, 2017 WL 9516824, at *4 (W.D.N.Y. Jan. 3, 2017) (Schroeder, M.J.), *report and recommendation adopted by* 2017 WL 397329. Barlow therefore indeed did lose in state court on the very issues he now raises before this Court.

What is more, despite Barlow's claim that his injuries stem not from the state court judgment but from the defendants' fraud and misrepresentation—"torts separate and apart from [the foreclosure]," Docket Item 43 at 4—the amended complaint asks this Court to enjoin the defendants "from engaging in any foreclosure activity[;] . . . [f]or an accounting of all payments improperly paid [to the defendants]"; and to "order [Barlow] to omit any charges inappropriately applied to the Modified Loan," Docket Item 30 at 16. This Court agrees with Judge Schroeder that the relief that Barlow seeks would "require the Court to overturn the underlying state-court foreclosure judgment."

---

Fed. R. Civ. P. 60(b). A party may move for relief under Rule 60(b) "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment." Fed. R. Civ. P. 60(c)(1). Barlow has not demonstrated that any of the first five grounds for relief apply here; nor has he shown that "extraordinary circumstances [exist] to warrant relief" under the sixth ground. *See Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Moreover, his request comes well over a year after the 2016 action was dismissed. Barlow's request therefore is denied.

*See* Docket Item 42 at 4-5.  The state-court judgment therefore is the source of Barlow's

injuries, and the Court agrees with Judge Schroeder that Barlow's claims are barred by

the *Rooker-Feldman* doctrine.

Barlow has had three chances to raise a viable claim:  the action he commenced

in 2016, his complaint in this case, and now his amended complaint.  Nevertheless, he

now asks for a fourth chance—that is, leave to amend the complaint once more.

Docket Item 43 at 6.  He says that he "is easily capable of amending his [c]omplaint to

remedy any deficiencies identified by the Court."  *Id.*

That request is denied.  When this Court previously granted Barlow leave to

amend his complaint, the Court advised him that he needed to show that he was "not

asking [this Court] to overturn the underlying state-court judgment, but instead [was]

claiming he is entitled to money damages for perhaps related but sufficiently separate

conduct."  Docket Item 29 at 3-4 (quotation marks omitted) (citing *McCrobie v.*

*Palisades Acquisition XVI, LLC*, 664 F. App'x 81, 83 (2d Cir. 2016)).  Indeed, this Court

specifically warned Barlow that

> [i]f Barlow include[d] any requests for relief in an amended complaint that
> would require this Court to "overturn the underlying state-court [foreclosure]
> judgment," *see McCrobie*, 664 F. App'x at 83, such as requests to enjoin
> the defendants from "engaging in any foreclosure activity with respect to"
> his property, Docket Item 1 at 18, the amended complaint w[ould] be
> dismissed.

*Id.*  at 5.

Barlow did not heed this warning.  The amended complaint requests the same

relief as his original complaint, including that this Court enjoin the defendants "from

engaging in any foreclosure activity."  Docket Item 30 at 16.  Moreover, the relief Barlow

5

seeks, and the grounds for the relief, still attack—directly or indirectly—the judgment of the state court.

"[A] *pro se* litigant . . . should be afforded every reasonable opportunity to demonstrate that he has a valid claim," *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000)), and Barlow has been afforded such an opportunity here.  In fact, he has been given that opportunity more than once.  His request for leave to amend, Docket Item 43, therefore is denied.

Because the *Rooker-Feldman* doctrine precludes this Court's jurisdiction over Barlow's claims, the defendants' motions to dismiss, Docket Items 31, 33, are GRANTED.  The amended complaint, Docket Item 30, is DISMISSED, and the Clerk of the Court shall close the file.


        SO ORDERED.


Dated:        May 17, 2021
              Buffalo, New York



                                        /s/ Lawrence J. Vilardo
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE